INHABITANTS OF WILLIAMSTOWN *vs.* GEORGE S. WILLIS.

If a warrant issued by a collector of taxes does not show upon its face the existence of circumstances authorizing it to be issued, the officer to whom it is addressed is not bound to serve it.

A sheriff is responsible for money actually received by his deputy upon process committed to the deputy officially for service, although void on its face.

A warrant issued by a collector of taxes under *St.* 1842, *c.* 34, against a person who has removed out of the collector's precinct without paying his tax, must set forth that fact, or the officer to whom it is addressed will not be bound to serve it. But if it is actually served and money collected thereon by a deputy sheriff, the sheriff will be responsible to the town for the money so collected.

A denial in the answer of a defendant, that any warrants were committed to an officer, authorizes proof that warrants so committed were void upon their face.

ACTION OF CONTRACT against the late sheriff of Berkshire for the refusal of his deputy to pay over money collected by the deputy upon warrants alleged to have been committed to him in due form of law from the plaintiffs' collector of taxes for 1853, and for the deputy's neglect to serve such warrants. The answer admitted that the taxes were legally assessed, but denied, among other things, that they were legally collected, or that any warrants for their collection were ever committed to the deputy.

At the trial in the court of common pleas in Berkshire, before *Bishop,* J., the following facts were proved or admitted : At the annual town meeting of Williamstown in 1853, a collector of taxes was chosen, and refused to accept that office. Thomas Sabin was legally chosen and sworn as constable, and thereby became collector, and gave bond according to law, and signed as constable and collector, and delivered to the defendant's deputy, in his official capacity, warrants for the collection of taxes legally assessed upon certain persons, who were alleged therein to have been delinquent in paying the same, but reciting no cause for issuing them. The town passed no vote giving tax collectors the powers of town treasurers when acting as collectors of taxes. The defendant's deputy collected a portion of such taxes, and made return accordingly.

The plaintiffs offered evidence that the persons named in the warrants had, after the assessment of the taxes upon them, removed out of the precinct of the collector, without paying their taxes, and were out of the precinct when the deputy received the warrants and collected the taxes. But the evidence was objected to and excluded.

The plaintiffs contended that their allegation that the warrants were committed to the deputy sheriff had not been denied, and was in law admitted. But the judge was of opinion that the answer put in issue the validity of the warrants; and instructed the jury that the warrants committed to the deputy sheriff were not in due form of law and were void, and that the action could not be maintained. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions, which were argued at the last term in Berkshire.

*A. J. Waterman*, for the plaintiffs.

*M. Wilcox*, for the defendant.

BIGELOW, J. The person regularly chosen collector of taxes of the town of Williamstown for the year 1853 having refused to serve, the constables of the town thereby became *ex officio* collectors of taxes, pursuant to Rev. Sts. *c.* 15, § 78, and were clothed with all the powers legally incident to the office. Among these is included an authority to issue warrants to the sheriff of the county or his deputy for the collection of taxes from those who shall remove out of the precinct of the collector after the assessment of taxes upon them. This power is expressly given by *St.* 1842, *c.* 34. Under this statute, without any vote of the town expressly authorizing it, it is clear that Sabin, as constable and *ex officio* collector, was fully authorized to issue warrants to the sheriff or his deputy to distrain the property or take the body of any person, who subsequently to the assessment of the tax for the year 1853 had removed from the town of Williamstown.

But the more material question in this case is, whether the warrants issued to the defendant's deputy by Sabin in his capacity as collector were in due and legal form, such as the deputy was bound by law to serve and execute. The uniform

doctrine in the books is that in all cases where a warrant is issued by a magistrate or officer exercising only a special and limited authority it must appear on the face of the process that it was issued in the due and lawful exercise of the power or jurisdiction conferred by law. Nothing will be intended in its favor. This rule applies with especial force, when a warrant proceeds from an executive or ministerial officer, who is empowered to issue it only in certain specified cases and under special circumstances. It is not then a judicial act; there is no record of proceedings on which the warrant is based, and which can be referred to, to show that it was legitimately issued. The whole authority of the officer, upon which alone he can act, and on which he must rely for his justification, rests in the warrant. If a party is imprisoned or his property seized upon it, and the doings of the officer are called in question, he must show on the face of the warrant that such seizure or imprisonment was authorized and legal, or he will fail in his justification. *Wickes* v. *Clutterbuck*, 2 Bing. 483. *The King* v. *Chilverscoton*, 8 T. R. 178. In such cases the officer is bound to look at his process, and if it fails to set out sufficient to show that it was issued within the limits authorized by law, he is not bound to serve it, because it will not protect him in the exercise of any authority over the person or property of him against whom it may be directed.

The warrants issued by a collector of taxes to the sheriff or his deputy clearly come within this rule. It is only in special cases that a collector is empowered to issue such process, and his authority to do so is supported by no record or adjudication, but rests wholly on the existence of facts *in pais.* Unless these facts are set forth in the warrant, there is nothing to show that he had any rightful authority to issue the process. Tried by this test, it is clear that the warrants issued by the collector and constable of Williamstown to the deputy of the defendant were invalid. They wholly omit to state any legal cause for issuing them. It does not appear on the face of the warrants that any of the taxpayers therein named have since the assessment of the taxes upon them removed from the

precinct of the collector. The only cause stated, as the ground on which the collector issued the warrants, is that the persons therein named were delinquent in the payment of their taxes. But this furnished no authority for the exercise of such a power by the collector. It follows that the warrants were defective on their face, and insufficient to justify the deputy sheriff in taking any steps to execute them. He was not bound to serve a void or illegal process, and no action can be maintained either against him or his principal for negligence in failing to execute the precept. To this extent the claim of the plaintiffs in the present action must fail.

But their right to recover the money actually collected and received by the deputy sheriff under these processes stands on different ground. The officer was not bound to serve the warrants, and might well have refused to do so ; but he voluntarily assumed to execute them, and, acting under and by virtue of his office, he received from several of the persons against whom they were directed the sums which he was thereby required to collect of them. They did not seek to invalidate the warrants ; but, yielding to their authority and to that of the deputy sheriff claiming the right to execute them under color of his office, they paid the sums demanded of them by him. This money was received by him, not as a private person, nor by virtue of any contract or arrangement between him and the collector or the taxpayers, but it came into his hands solely as a deputy sheriff, claiming authority to act under the power with which he was clothed by law. In all this he acted officially, not personally; as the deputy of the defendant, and not individually. It is of no consequence therefore whether the process by means of which the money was collected was valid on its face or not. The deputy used it as a valid process, received money under it by virtue of his office, and both he and his principal are estopped from denying their liability for it. It is true that the sheriff is liable only for the official acts of his deputy, but an official act does not mean that which was lawfully done, but whatever was done under color or by virtue of the office. *Knowlton* v. *Bartlett,* 1 Pick. 274. *New Hampshire Savings Bank* v. *Varnum,*

1 Met. 34. It has never been supposed that a sheriff could escape liability for the acts of his deputy, by setting up the invalidity of a process under which he had acted, and by virtue of which he obtained money or other property which in equity and good conscience belonged to the person for whom he received it. On the contrary, it is immaterial by what means a debtor places money in the hands of an officer to discharge his liability on process, whether it be in due course of law or not. In such case it is the duty of the officer to apply the money properly for the benefit of the creditor ; and if he fails to do so, both he and his principal may be held liable for such default.

We assume in this case that the only defect in the warrants was the omission to set out the cause or occasion for issuing them. The plaintiffs offered to prove, and, we suppose, if permitted, would have shown, that the persons against whom they were directed had removed out of the precinct of the collector after the assessment of the tax on them, and that, under *St.* 1842, *c.* 34, there was in fact sufficient authority in the collector to issue process to the sheriff of the county or his deputy. This being so, we are of opinion that it was sufficient to support this action against the defendant to recover the money received by his deputy, for the plaintiffs to prove that there was in fact a legal cause for issuing warrants by the collector to the deputy, occasioned by the removal from the precinct of the collector after the assessment of the tax of the persons designated in the warrants, and that the deputy, acting under said warrants by virtue and under color of his office, received money in discharge of the liability of the persons against whom the warrants were directed. *Exceptions sustained.*